IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nehemiah Bryant, *a/k/a Nehemiah N. Bryant,* | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 2:19-2389-BHH |
| v. | ) ) | |
| Dale Edward Van Slambrook; Home Investment Fund III, L.P.; Thomas A. Shook; Susan S. White; Elizabeth Shuffler Moore, | ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This matter is before the Court upon Plaintiff Nehemiah Bryant's ("Plaintiff" or "Bryant") pro se complaint asserting claims related to a state foreclosure action in Berkeley County, South Carolina. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On January 29, 2020, Magistrate Judge Bristow Marchant filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court

dismiss this action with prejudice and without issuance and service of process. Attached to the Report was a notice advising Petitioner of his right to file written objections to the Report within fourteen days of being served with a copy.

On February 27, 2020, Plaintiff filed objections to the Magistrate Judge's Report, objecting overall to the Magistrate Judge's conclusion that this case should be dismissed. In his objections Plaintiff essentially reiterates his claims, and it appears that large portions of his objections were simply copied and pasted from his complaint. (*Cf.* ECF No. 1 at 9; No. 1-1 at 3-5; and No. 22 at 3-4, 6-7.) The last five pages of Plaintiff's objections set forth various statements of law with no reference to the facts of this case or the Magistrate Judge's findings and recommendations.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating

that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, the Court has thoroughly reviewed Plaintiff's objections in conjunction with the record, the applicable law, and the findings and recommendations of the Magistrate Judge. To the extent it can be said that Plaintiff has set forth specific objections, the Court finds them wholly without merit. Moreover, to the extent Plaintiff's objections fail to specifically respond to the Magistrate Judge's Report, the Court finds no clear error. After review, the Court agrees with the Magistrate Judge's thorough analysis and finds that Plaintiff's Sixth Amendment claim is subject to dismissal because the protections offered by the Sixth Amendment extend to criminal actions and do not apply to Plaintiff's foreclosure action; that Plaintiff's Ninth Amendment claim is subject to dismissal because the Ninth Amendment has not been interpreted as securing constitutional rights for purposes of making a constitutional claim; that Plaintiff's claims against Defendant Slambrook are subject to dismissal on the basis of judicial immunity; that Plaintiff's constitutional claims against Defendants Home Investment III, L.P.; Thomas A. Shook; Susan S. White; and Elizabeth Shuffler Moore are subject to dismissal because these Defendants are not state actors for purposes of 42 U.S.C. § 1983; that Plaintiff's assertion that he is exempt from the foreclosure laws because he is a Moor is without merit; that any "split-the-note" argument is unavailing; that the *Rooker-Feldman* doctrine precludes this Court from hearing an appeal of Plaintiff's state court foreclosure action;

and that the *Younger* abstention doctrine also bars this Court from interfering with any pending state court proceedings to the extent they are ongoing. Based on these findings, the Court also agrees with the Magistrate Judge that–because Plaintiff has failed to allege a plausible federal claim and has not established diversity jurisdiction–the Court should decline to exercise supplemental jurisdiction over any of Plaintiff's state law claims.

Accordingly, the Court hereby adopts the Magistrate Judge's Report in full and incorporates it herein (ECF No. 17), the Court overrules Plaintiff's objections (ECF No. 22), and the Court dismisses Plaintiff's complaint with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Bruce H. Hendricks

United States District Judge

July 8, 2020
Charleston, South Carolina

\*\*\*\*\*\*

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.